UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1837

AUTO-OWNERS INSURANCE COMPANY,

Plaintiff - Appellant,

v.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:12-cv-03423-RBH)

Submitted:  February 27, 2015          Decided:  March 18, 2015

Before MOTZ, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John L. McCants, ROGERS LEWIS JACKSON MANN & QUINN, LLC,
Columbia, South Carolina, for Appellant.  Stephen L. Brown,
Russell G. Hines, Jeffrey J. Wiseman, YOUNG CLEMENT RIVERS, LLP,
Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Auto-Owners Insurance Company ("Auto-Owners") appeals from the district court's order granting summary judgment in favor of Travelers Casualty and Surety Company of America ("Travelers"). Auto-Owners sought a declaratory judgment that Travelers had a duty to defend the insurance companies' mutually insured client and also sought contribution, recompense for unjust enrichment, and equitable subrogation. On appeal, Auto-Owners argues that the district court erroneously concluded that its claims failed under South Carolina law. We disagree, and affirm the judgment.

We review de novo whether a district court erred in granting summary judgment, viewing the facts and drawing all reasonable inferences in the light most favorable to the nonmoving party. Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013). Summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because the district court was exercising its diversity jurisdiction, South Carolina substantive law applies. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-80 (1938); see Francis v. Allstate Ins. Co., 709 F.3d 362, 369-72 (4th Cir. 2013).

We conclude that Auto-Owners is not entitled to declaratory or monetary relief under South Carolina law. The South Carolina

2

Supreme Court has held that "where two companies insure the identical risk and both policies provide for furnishing the insured with a defense, neither company, absent a contractual relationship, can require contribution from the other for the expenses of the defense where one denies liability and refuses to defend." Sloan Constr. Co. v. Cent. Nat'l Ins. Co., 236 S.E.2d 818, 820 (S.C. 1977). The Sloan court reasoned that "[t]he duty to defend is personal to both insurers; neither is entitled to divide the duty." Id. Further, the court concluded that the insurance company that provided a defense was not harmed by the other's failure to do so because its expenses "were incurred in the fulfillment of its own obligation to its insured" and it "was doing no more than it obligated itself to do under its policy with [the insured]." Id.

Here, Auto-Owners was fulfilling its own obligations to its insured by providing a defense in the underlying state court action. See Town of Duncan v. State Budget & Control Bd., Div. of Ins. Servs., 482 S.E.2d 768, 774 (S.C. 1997). As in Sloan, whether Travelers also has a duty to defend the litigation is irrelevant to Auto-Owners' duty, and Auto-Owners, in providing the defense, has done "no more than it obligated itself to do under its policy." Sloan, 236 S.E.2d at 820.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED